# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

June 30, 2009

Leslie F. Schwartz
Office of the United States Attorney
970 Broad Street
Newark, New Jersey  07102

Michael P. Koribanics
Koribanics and Koribanics
685 Van Houten Avenue
Clifton, New Jersey  07013

    RE:    **United States v. Scarbrough, et al.**
             **Crim. No. 05-607-002 (WJM)**

Dear Counsel:

      Defendant Joseph Scarbrough petitions the Court for post-judgment relief. Specifically, Defendant Scarbrough requests that his presentence report ("PSR") be amended to "explicitly reflect that he did not participate in any act of violence or bodily harm." Scarbrough Mot., Ex. A ¶ 5.  In addition, Scarbrough asks for an order recommending that the Bureau of Prisons consider him for participation in the Residential Drug Abuse Program ("RDAP").  Because there is no legal basis for Defendant Scarbrough's requests, his motion is **DENIED**.

### I. BACKGROUND

Since the Court writes only for the benefit of the parties, only the facts most pertinent to the instant motion follow. On April 7, 2006, Joseph Scarbrough pled guilty before this Court to racketeering conspiracy in violation of 18 U.S.C. § 1962(d). This racketeering conspiracy included the following predicate acts: (1) operating an illegal sports bookmaking operation; (2) operating an illegal numbers business; (3) collecting credit extensions through extortionate means; and (4) conspiracy to commit extortion.

On August 17, 2006, this Court sentenced Scarbrough to a sixty-month prison term. Prior to his surrender, Scarbrough requested that his judgment of conviction be amended to recommend that he participate in the 500-hour RDAP offered by the Bureau of Prisons. This Court denied that request. *See* Docket No. 244.

### II. DISCUSSION

#### A. Motion to Amend the PSR

Scarbrough now contends that his PSR should be amended to reflect the fact that he did not participate in any acts of violence during the commission of the racketeering conspiracy offense. Since the PSR contains references to acts of violence, Scarbrough maintains that he has been denied admission to the RDAP administered by the Bureau of Prisons at Fort Dix.

In support of his motion to amend, Scarbrough states that the Court noted during sentencing that he did not "participate in any act of violence nor bodily harm was used." Scarbrough Mot., Ex. A ¶ 2. This contention, however, is based on very selective quoting from the sentencing transcript.

While it is true that this Court found that Scarbrough did not make any "blatant outward threats, or even any beatings, or anything like that," it is also true that the Court noted on the record that Scarbrough committed extortionate acts. *See* Scarbrough Sentencing Tr., 21:16-19 ("[T]here was enough conduct that the jury could find that there were efforts by... [defendant] to recover these loans in an extortionate manner."). In particular, the Court noted that Scarbrough implicitly threatened violence in order to recover loan monies. *See id*. at 21: 4-24 ("A lot of times the threats are subtle ... you don't always have to threaten a guy with breaking their legs, or you don't always have to suggest more violence in the words themselves. And this case was of that nature...").

By definition, "extortionate means" include "the use, or an express or implicit threat of use, of violence." *See* 18 U.S.C. § 891(7). As such, the threats employed by

Defendant Scarbrough fall under the definition of "extortionate means" and are considered crimes of violence. *See* 18 U.S.C. § 16 (crimes of violence defined).

Thus, it is irrelevant that Scarbrough failed to injure anyone through his acts. Scarbrough pled guilty to a racketeering conspiracy involving the commission of extortionate acts. Since extortionate acts include threats, Scarbrough's acts are properly classified as "crimes of violence." Accordingly, the Court's statements during sentencing are not inconsistent with – and do not require amendment of – Scarbrough's PSR.

Beyond this, Scarbrough presents no legal argument compelling amendment, particularly three years after sentencing. As such, this request is denied.

### B. Request for Order Recommending Admission to RDAP

This petition is Defendant Scarbrough's second attempt to have this Court enter an order recommending his participation in the RDAP. In 2006, Scarbrough first moved to have his judgment of conviction amended to include a recommendation for the RDAP. This Court declined the motion. *See* Docket No. 244.

Scarbrough brings a nearly-identical motion now, arguing that he should be considered for the RDAP and for "camp participation" since he did not commit any acts of violence. *See* Scarbrough Mot., Ex. A ¶ 7. Since Scarbrough did commit acts of violence, *see supra*, there is no basis for his request.

### III. CONCLUSION

In conclusion, Defendant Scarbrough's motion is denied. An Order accompanies this Letter Opinion.

       /s/ William J. Martini
**William J. Martini, U.S.D.J.**